William Silverstein
3540 Wilshire Blvd. Suite 1205
Los Angeles, CA
(213) 632-5297

bellyfatcase@sorehands.com
Pro Se Defendant



FILED
CLERK, U.S. DISTRICT COURT
SEP 20 2013
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIO TRUST NUTRITION LLC, a TEXAS Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM SILVERSTEIN, an individual,<br><br>Defendant. | Case No.: CV13-05828 DDP (CFEx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FCRP 12(b)(6). [Concurrently Filed With Defendant's Request for Judicial Notice.]<br><br>Date:  Monday, November 4, 2013<br>Time:  10:00 am<br>Place: Courtroom 3<br><br>Honorable Dean D. Pregerson |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 4, 2013 at 10:00 am, or as soon thereafter as counsel can be heard, in "Courtroom 3" located at 312 N. Spring Street, Los Angeles, CA 90012. Defendant William Silverstein will move this Court to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). This motion will be based on this Notice of Motion and Motion, Memorandum of Points and Authorities, Defendant's Request for Judicial Notice, and all other matters as may be properly considered. This is made following conference of counsel pursuant to L.R. 7-3 which took place on Sept. 19, 2013.

## Memorandum of Points and Authorities

### I. INTRODUCTION

On August 12, 2013 Plaintiff Bio Trust Nutrition, LLC ("BioTrust") filed a single count complaint asking for declaratory relief from this Court and a ruling that unsolicited commercial e-mails advertising its web sites were not a violation of California Business & Professions Code § 17529.5. The instant complaint, excepting the Plaintiff's identity, is identical to the First Amended Complaint in <u>Belly Fat Free, LLC</u> v. Bill Silverstein, California Central District case number 13-CV-03383, docket number 6 ("BellyFat Case") filed on May 21, 2013.[1] In both actions the respective Plaintiff claims the same set of e-mails both advertise the respective Plaintiff's web site, and clearly identify the Plaintiff. However, in the BellyFat case, the sole member of both BioTrust and Bellyfat, provides sworn testimony unequivocally stating that "Bio Trust Nutrition LLC is not involved with any of the emails."[2]

It is clear that California Business & Professions Code § 17529.5 sounds in fraud and requires specificity in pleading in accordance with Federal Rules of Civil Procedure Rule 9(b). It is clear that BioTrust must be required reconcile the contradictory allegations in the BellyFat case and the sworn statement by BioTrust's sole member stating that the e-mails have nothing to do with BioTrust.

Plaintiff's failure to plead with the requisite specificity under FCRP 9(b) and to plead to reconcile the contradictions in the BellyFat case require that the Court dismiss Plaintiff's complaint.

---

[1] Both Belly Fat Free, LLC and Bio Trust, LLC have one sole member, Josh Bezoni.

[2] See the BellyFat complaint at ¶ 2 (Exhibit A of Defendant's Request for Judicial Notice), the complaint at ¶ 2, and the ¶ 3 of the declaration of Josh Bezoni (Exhibit B of Defendant's Request for Judicial Notice).

13-CV-0582828-DDP (CFEx)   - 2 -   MOTION 12(B)(6)

## II. Legal Standard.

*"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."* <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46,(1957)). *"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"* <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (U.S. 2009) at 1949. (quoting <u>Twombly</u>, 550 U.S. at 570).

*"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ibid. "Nor does a complaint suffice if tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929."* <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (U.S. 2009) at 1949.

> *"Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted)."*

<u>Gibson Guitar Corp. v. Viacom Int'l, Inc.</u>, 2013 U.S. Dist. LEXIS 32519, 4-5 (C.D. Cal. Mar. 8, 2013)

### A. Claims Under Cal. Bus & Prof. Code § 17529.5 are subject to FCRP 9(b).

Claims of deceptive and fraudulent conduct, such as claims under Cal. Bus. & Prof. Code § 17529.5 must be pled with particularity Khoury v. Maly's of California, Inc. 14 Cal App 4th 612, 619 (Cal. App. 2d Dist. 1993). Though the complaint may not state a cause of action for fraud, if it is founded on allegations of fraudulent conduct the "*claim is said to be 'grounded in fraud' to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).*" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-1104 (9th Cir. 2003). Allegations grounded in fraud "*must be accompanied by 'the who, what, when, where, and how of the misconduct charged...*" and "*must set forth what is false or misleading about a statement, and why it is false.*" Vess, supra at 1106.

### B. Other Courts In This Circuit Have Ruled that Claims Under Cal. Bus. & Prof. Code 17529.5 Must Comply With FCRP 9(b).

Judge William Alsup, in Asis Internet Servs. v. Consumerbargaingiveaways, LLC 622 F. Supp. 2d 935, 945 (N.D. Cal. 2009), ruled that anti-spam complaints must comply with FCRP 9(b) when he ruled,

> "*Plaintiff must, however, provide more than general allegations regarding the false advertisements and examples. At the hearing plaintiff indicated that the false advertisements fall into categories -- i.e., that a discrete number of scams or false-advertisement templates were utilized. To satisfy the particularity requirement, the complaint must provide, at a minimum, the specifics regarding (including an example of) each type of allegedly false or misleading advertisement, the number of those advertisements and the date ranges of the emails in each category.*"

Asis Internet Servs. v. Consumerbargaingiveaways, LLC, Ibid.

The Court in Asis Internet Services v. Optin Global, Inc., 2006 U.S. Dist. LEXIS

46309 at 5 (N.D. Cal. 2006) also found that claims under Cal. Bus. & Prof. Code § 17529.5 must comply with FCRP 9(b).

### III. Argument

#### A. Plaintiff's Complaint Rests Solely Upon Bare Legal Conclusions that the Silverstein E-mails are Compliant With the Law.

Plaintiff makes conclusory allegations that the e-mails are legal. What the allegations lack is how each of the "Silverstein e-mails" identify this plaintiff as the sender of the e-mail. This is especially important as the respective Plaintiffs in this case and the BellyFat case made the identical allegations as to the *"Silverstein emails:"*

*"8. The Silverstein emails clearly identify Plaintiff.*

*"15. The Silverstein Emails do not violate the California Business and Profession Code.*

*17. The Silverstein Emails each contain accurate headers-"from" lines and subject lines-that are neither falsified, forged, or misrepresented.*

*18. The Silverstein Emails each contain a subject line that is not likely to mislead a reasonable recipient about material facts in the email message."*

*24. The Silverstein Emails do not contain and are not accompanied by falsified, misrepresented, or forged header information.*

*25. The Silverstein Emails do not have subject lines that would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.*

*26. The Silverstein Emails do not violate Cal. Bus. & Prof. Code§ 17529.5."*

Plaintiff's complaint must be dismissed because it is based on mere legal conclusions lacking any factual support whatsoever. In addition to paragraphs 24-26 of the FAC, quoted above, the following allegations are also solely conclusionary without any factual support.

Plaintiff's complaint simply alleges mere conclusions as fact, without factual support whatsoever. In this declaratory relief action, Plaintiff is required to establish the legality of each of the Silverstein e-mails.

### B. Plaintiff's Complaint Fails To Comply With FRCP 9(b).

Plaintiff's Complaint, and the BellyFat complaint, alleges:

*"24. The Silverstein Emails do not contain and are not accompanied by falsified, misrepresented, or forged header information.*

*25. The Silverstein Emails do not have subject lines that would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.*

*26. The Silverstein Emails do not violate Cal. Bus. & Prof. Code§ 17529.5."*

These allegations sound in fraud. Where, these allegations and the complaint are grounded in fraud, it should be dismissed if *"its allegations fail to satisfy the heightened pleading requirements of Rule 9(b)."* Vess, supra at 1107. Plaintiff failed to identify a single e-mail which is the subject of the complaint by any means. Plaintiff failed to allege Fed. R. Civ. 9(b) extends to *"the circumstances constituting fraud."* Slack v. Fair Isaac Corp., 390 F. Supp. 2d 906, 911 (N.D. Cal 2005). The Ninth Circuit interprets *"such circumstances"* to include any claim that "sounds in fraud." Ibid; citing Vess, 317 F.3d at 1103-1104.

Plaintiff has not alleged any particularity as to which person or entity sent each of the so-called *"Silverstein e-mails"* and how a recipient can identify the sender of each of the e-mails. In fact, to properly comply with FCRP 9(b), Plaintiff must identify each e-mail sent to Defendant, or through Defendant's server. Then for each of these e-mails, Plaintiff must identify the sender of each domain name, then, identify how an average user would be able to identify the sender(s) of the e-mail.

Therefore, the instant complaint should be dismissed.

### C. Plaintiff's Complaint Directly Contradicts The Allegations Made In the BellyFat Case Making the Complaint Facially Implausible.

Both BellyFat and BioTrust, which appear to be separate and distinct entities, share the same sole member, Josh Bezoni. See paragraph 3 of both the BioTrust complaint and BellyFat complaint, Exhibit A.

BellyFat, the Plaintiff in the Belly Fat Case, alleged in ¶ 7 of the complaint that *"Defendant claims to have Received over 75 email messages in which Plaintiffs website is advertised (the "Silverstein Emails")."* Now BioTrust alleges that "Defendant claims to have Received over 75 email messages in which Plaintiffs website is advertised (the "Silverstein Emails")." (See ¶ 7 of both the BioTrust complaint and BellyFat complaint, Exhibit A.)

In the very next line, both complaints allege "[t]he Silverstein Emails clearly identify Plaintiff." (See ¶ 8 of both the BioTrust complaint and the BellyFat.)

Two independent claims cannot exist simply because the companies share a common sole member, unless the allegations are made in bad faith. If the complaints were not made in bad faith, one or both of the complaints must reconcile to contradictory allegations of the other.

BellyFat's identical allegations regarding the Silverstein's e-mails makes the instant lawsuit facially implausible, thus violating the standard espoused in both <u>Iqbal</u> and <u>Twombly</u>.

### D. The Sworn Testimony of the Sole Member of BioTrust Conflicts With the Allegations In The Instant Complaint And Makes the Complaint Facially and Factually Implausible.

Josh Bezoni, the sole member of both respective Plaintiffs BioTrust, and BellyFat, in opposition to Silverstein's motion to dismiss pursuant to FCRP 12(b)(1) in the BellyFat case, testified under oath (See Exhibit B.):

*"2. In early 2013, Bill Silverstein contacted me regarding the "Fat*

> *Burning Hormone" advertising campaign. www.fatburninghormone.com is owned and operated by Belly Fat Free LLC. Ultimately, Bill Silverstein claimed to have received at least 77 unsolicited email messages advertising "Fat Burning Hormone" and claimed he was entitled to receive $1,000 for each of these emails. Silverstein produced copies of these emails in native format.*
>
> *3. Belly Fat Free LLC owns "Fat Burning Hormone" and undertook the email marketing campaign advertising this product. Bio Trust Nutrition LLC has no ownership of the campaign at issue or the website about which Mr. Silverstein complains. To my knowledge, Bio Trust Nutrition LLC is not involved with any of the emails sent to Mr. Silverstein pertaining to "Fat Burning Hormone"."*

BioTrust's and BellyFat's sole member know or should know which of his businesses were advertised in the Silverstein e-mails. Bezoni's testimony unequivocally denying BioTrust's involvement admits that this lawsuit is without basis.

Bezoni's sworn testimony denying that BioTrust has any with the "Silverstein e-mails" makes this lawsuit facially implausible, thus violating both <u>Iqbal</u> and <u>Twombly</u>.

### IV. Conclusion.

Plaintiff's failure to identify a single e-mail is fatal to the FAC. Defendant respectfully requests that the Court dismiss Plaintiff's First Amended Complaint.

This complaint being identical to the to the BellyFat complaint clearly establishes that this or both this and the BellyFat complaints are a fraud upon this court.

Bezoni's sworn testimony establishes that the allegations in this complaint cannot be true, excepting Bezoni committing perjury in the BellyFat case.

BellyFat's identical allegations regarding the Silverstein's e-mails and Bezoni's sworn testimony denying that BioTrust has anything to do with the Silverstein e-mails makes the instant lawsuit facially implausible, thus violating both Iqbal and Twombly.

Therefore the instant complaint should be dismissed with prejudice.

Dated: September 20, 2013

Respectfully Submitted,

*[signature]*

William Silverstein, Plaintiff

PROOF OF SERVICE

STATE OF CALIFORNIA,       )

COUNTY OF LOS ANGELES      )

I am a resident of the County of Los Angeles, State of California and I am over the age of 18 and not a party to the within action. My work address is 3540 Wilshire Blvd., Los Angeles, CA.

On September 20, 2013, I served the foregoing document(s) entitled:
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FCRP 12(b)(6), DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, AND AND PROPOSED ORDER.

on the interested parties in this action by placing a true and correct copy of such document(s) in a sealed envelope(s) addressed as follows:

John DuWors, Esq.
Newman DuWors LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101

(the "Addressee") and serving such document(s) as follows:

X  REGULAR MAIL. On the service date set forth hereinabove in the County of Los Angeles, I deposited such envelope(s) with postage thereon fully prepaid in the United States mail.

Executed on June 9, 2013, at Los Angeles, California.

I declare under penalty of perjury of the laws of the United States that the above is true and correct.

Vana Bashan