O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BIO TRUST NUTRITION LLC, a
Texas limited liability
company,

                    Plaintiff,

          v.

BILL SILVERSTEIN, an
individual,

                    Defendant.

_____

Case No. CV 13-05828 DDP (Ex)

**ORDER DISMISSING CASE FOR LACK OF
SUBJECT MATTER JURISDICTION**

[DKT Nos. 7, 18, 24]

     The court ordered the parties in this suit to show cause why
this action should not be dismissed for lack of subject matter
jurisdiction. (DKT No. 24.) Because such cause has not been shown,
the court dismisses the case.

     Plaintiff Bio Trust Nutrition LLC ("Bio Trust") asks this
court to enter a Declaratory Judgment that certain emails allegedly
sent by Bio Trust to Defendant Bill Silverstein did not violate
California's anti-spam statute, Business & Professions Code §
17529.5. (See DKT No. 1. ("Bio Trust Complaint".) In cases in which
a litigant is seeking federal declaratory relief, district courts

1  have the discretion to determine whether to exercise their
2  jurisdiction to entertain such actions. See Wilton v. Seven Falls
3  Co., 515 U.S. 277, 286-87 (1995) ("We have repeatedly characterized
4  the Declaratory Judgment Act as an enabling Act, which confers a
5  discretion on the courts rather than an absolute right upon the
6  litigant.") (internal question marks and citation omitted). In
7  considering whether to exercise jurisdiction, there is a
8  presumption against maintaining a federal declaratory action when
9  parallel proceedings are pending in state court. See Chamberlain v.
10  Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991) ("[W]hen
11  a party requests declaratory relief in federal court and a suit is
12  pending in state court presenting the same state law issues, there
13  exists a presumption that the entire suit should be heard in state
14  court.").

15       This court ordered the parties to explain why this court
16  should exercise subject matter jurisdiction in light of Judge
17  Klauser's October 17, 2013 order remanding Silverstein v. Bio Trust
18  Nutrition LLC, et al. (Case No. 13-7343 ("Silverstein Complaint"))
19  to California Superior Court. That action, like the present one,
20  centers on a set of emails allegedly sent by Bio Trust to
21  Silverstein between November 1, 2012 and February 6, 2013 and, like
22  the present case, concerns Bio Trust's liability under California
23  Business and Professions Code § 17529.5 in relation to those
24  emails. (Compare Case No. 13-05828, DKT No. 1 (Bio Trust Complaint)
25  with Case No. 13-7343, DKT No. 1 (Silverstein Complaint).)

26       Plaintiff Bio Trust argues that the instant action is not
27  duplicative of pending state proceedings on the ground that, on
28  October 31, following this court's Order to Show Cause, Bio Trust

2

1    removed <u>Silverstein v. Bio Trust Nutrition LLC, et al.</u> for a second
2    time to federal court. (<u>See</u> Case No. 13-8041, DKT No. 1.; Response
3    at 5-6.) However, on November 20, 2013, Judge Klausner, su sponte,
4    remanded the case back to California Superior Court. (<u>See</u> Case No.
5    13-8041, DKT No. 16.) The case is thus again proceeding in state
6    court.

7         Plaintiff Bio Trust also argues that the two cases are not in
8    fact parallel. In particular, it argues that "the crux of
9    Silverstein's complaint is an alleged conspiracy between the
10   defendants to hire a convicted felon-Persaud-to send emails on
11   their behalf." (Bio Trust's Response to Order to Show Cause at 2-
12   3.) To the contrary, the court finds that both cases focus on the
13   same issue--whether Bio Trust is liable under California Business
14   and Professions Code § 17529.5 for sending the aforementioned
15   emails. (<u>See</u> Silverstein Complaint §§ 59-83 (alleging violation of
16   Cal. Bus. & Prof. Code 17529.5 by Bio Trust in relation to emails);
17   Bio Trust Complaint §§ 22-29 (seeking, as its sole cause of action,
18   declaratory judgement that Bio Trust is not liable under § 17529.5
19   in relation to emails).) Although the Silverstein Complaint names
20   defendants in addition to Bio Trust, all of the factual and legal
21   issues raised in the Bio Trust Complaint are contained within or
22   may be raised as a defense to the Silverstein Complaint.

23        In particular, Bio Trust is free to raise its argument that
24   Silverstein's claim is preempted by the federal CAN-SPAM act as a
25   defense in the state court proceeding. (Response at 4-5; Opposition
26   to Motion to Strike at 11-15.) While federal courts are not bound
27   by a state court's interpretation of a federal law, a state court
28   is nevertheless capable of determining whether preemption is a

valid defense in this case. See Takeda v. Nw. Nat. Life Ins. Co.,
765 F.2d 815, 822 n. 10 (9th Cir. 1985), citing Franchise Tax Board
v. Construction Laborers Vacation Trust, 463 U.S. 1, 21 (1983) ("We
note, however, that the state court to which we remand this case is
fully capable to decide issues of preemption if defendants continue
to assert them.") There is a body of federal case law on the
preemption question at issue here which the state court hearing the
parallel suit may consider. See, e.g., Gordon v. Virtumundo, Inc.,
575 F.3d 1040, 1060 (9th Cir. 2009) (construing CAN-SPAM to preempt
state claims that are not based on traditional tort theories of
falsity and deception and requiring that false or deceptive
information be material and that the falsity either be intended or
tend to mislead.); Tagged, Inc. v. Does 1 through 10, 2010 WL
370331 (N.D. Cal. Jan. 25, 2010) *6-7 (applying Gordon to claim
under Cal. Bus. & Prof. Code 17529.5); Asis Internet Servs. v.
Member Source Media, LLC, 2010 WL 1610066 *2-4 (N.D. Cal. Apr. 20,
2010) (same); Asis Internet Servs. v. Subscriberbase Inc., 2010 WL
1267763 *9-12 (N.D. Cal. Apr. 1, 2010) (same).

   In sum, in light of the parallel ongoing proceeding in state
court, the court finds that the interests of "judicial
administration, comity, and fairness to the litigants" weigh
against exercising jurisdiction over the present case. Chamberlain,
931 F.2d at 1367. Accordingly, the suit is dismissed for lack of

///

///

///

4

subject matter jurisdiction. Defendant's motion to dismiss and motion to strike are vacated as moot. (DKT Nos. 7, 18.)

IT IS SO ORDERED.

Dated: December 16, 2013

_____
DEAN D. PREGERSON
United States District Judge